IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANIEL LONA, on behalf of himself<br>and all others similarly situated,<br><br>    Plaintiff<br><br>V.<br><br>PERFORMANCE TECHNOLOGIES, LLC,<br><br>    Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5:15-CV-279 RP |

## ORDER

Before the Court are Defendant Performance Technologies, LLC's Motion to Compel Arbitration and to Dismiss or to Stay Proceedings, filed May 26, 2015 (Clerk's Dkt. #7) and the responsive pleadings thereto. Having reviewed the parties' pleadings, the relevant case law and the entire case file, the Court issues the following Order.

## BACKGROUND

According to Plaintiff's Original Class Action Complaint filed April 13, 2015, Plaintiff Daniel Lona ("Lona") was employed by Defendant Performance Technologies, Inc. ("Performance") as an hourly-paid oilfield worker when his employment was terminated without advance written notice. Plaintiff brought this action under the Worker Adjustment and Retraining Notification Act (the "WARN Act"), on behalf of himself and all other similarly situated employees of Performance. Plaintiff alleges Performance, in failing to provide adequate prior notice of the layoff of workers, violated the WARN Act's requirement that employers provide written notice within sixty days in advance of any "mass layoff" at "a single site of employment." *Davis v. Signal Int'l Texas GP, L.L.C.*, 728 F.3d 482, 484 (5th Cir. 2013).

Defendant has now moved to compel Plaintiff to submit this dispute to arbitration pursuant to the Federal Arbitration Act (the "FAA"), and to stay or dismiss this proceeding in favor of the arbitration. The parties have filed responsive pleadings and the motion is now ripe for review.

**STANDARD OF REVIEW**

The FAA permits an aggrieved party to file a motion to compel arbitration when an opposing "party has failed, neglected, or refused to comply with an arbitration agreement." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991). *See also* 9 U.S.C. § 4 (party aggrieved by failure, neglect or refusal of another to arbitrate under written arbitration agreement may petition federal district court for order compelling arbitration); *Am. Bankers Ins. Co. v. Inman*, 436 F.3d 490, 492-93 (5th Cir. 2006) (same).

A motion to compel arbitration under the FAA is subject to a two-step inquiry. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996). The court must first determine whether the parties agreed to arbitrate the dispute. *Id*. at 258 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). This determination involves two questions: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009); *Webb*, 89 F.3d at 258. The court then must determine if any legal constraints foreclose arbitration of those claims. *Mitsubishi Motors*, 473 U.S. at 628; *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 396 (5th Cir. 2006).

**DISCUSSION**

Defendant moves to compel arbitration, arguing Plaintiff contractually agreed to submit all employment disputes to arbitration. Specifically, Defendant relies on a document entitled "Arbitration Agreement and Dispute Resolution Policy" (the "DRP"), a form arbitration agreement between various companies, including Defendant, and their employees. The DRP includes the following provisions:

> **Mandatory Dispute Resolution Policy:** Employee acknowledges that the Company has a mandatory Dispute Resolution Policy ("DRP") which requires binding arbitration to resolve all disputes between the Employee and the Company including any such disputes which may arise out of or relate to employment . . ..

> Employee acknowledges that the DRP is to be broadly interpreted to apply to any dispute which Employee and the Company may have between each other, to include disputes over whether claims are covered by the DRP.  Employee also acknowledges that the DRP provides mutual benefits for Employee and the Company, to include faster and more economical resolution of employment related disputes.
>
> **Federal Arbitration Act:** Employee acknowledges that employment with the Company involves interstate commerce, and that the Federal Arbitration Act . . . shall apply to the DRP.

(Motion to Compel Ex. A  ¶¶ 2-3) (paragraph numbers omitted)..

The copy of the DRP provided by Defendant includes the electronic signature of Lona, dated October 9, 2014.  Immediately above the signature is the statement that "MY SIGNATURE BELOW ATTESTS THAT I HAVE READ, UNDERSTAND AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS."  (*Id*. Ex. A at 4).

Plaintiff, however, insists he did not execute the DRP or otherwise indicate acceptance of its terms.  He first points out the paper exhibit provided by Defendant does not contain any way to verify his purported receipt and execution of the DRP.  Lona also submits his declaration as evidence of his non-acceptance of the DRP.  According to Lona, beginning in July 2014, he was told by his supervisor James Archer ("Archer") that, if he wanted to continue his employment, he needed to sign various documents including the DRP.  Lona states, despite the repeated instructions, he never signed the DRP, but continued his employment with Performance.  (Plf. Resp. Ex. A ¶¶ 3-8).

In reply, Defendant provides evidence that a copy of the DRP was sent to Plaintiff's work email account, "daniel.lona@performancetech.com," on September 29, 2014.  The email was viewed, and the DRP was electronically signed on October 9, 2014.  (Def. Reply App. Ex. 2).

Plaintiff concedes that Defendant's evidence establishes that someone accessed his work email account and electronically signed the DRP.  But, Plaintiff provides a second declaration in which he continues to insist he did not sign the DRP.  (Plf. Surreply Ex. B ¶¶ 3, 9-10).  He states

he rarely accessed his work email account because he did not have access to it from home or while in the field. Plaintiff further states Archer requested that employees, including himself, provide the username and password for their work email to Archer. According to Lona, he wrote that information in a spiral notebook given to him by Archer. (*Id.* ¶ 7).

As noted above, the threshold question in determining a motion to compel arbitration is whether the parties have entered into a valid agreement to arbitrate. *Graves*, 568 F.3d at 222; *Webb*, 89 F.3d at 258. The evidence submitted by the parties creates a clear fact issue concerning whether Plaintiff has actually entered into the DRP. That fact issue prevents the Court from concluding the purported signature of Plaintiff renders the DRP a valid agreement to arbitrate. *See Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003) (where party contends that it has not signed any agreement to arbitrate, court must first determine if there is an agreement to arbitrate before dispute can be sent to arbitration); *Prevost v. Burns Int'l Sec. Servs. Corp.*, 126 F. Supp. 2d 439, 442 (S.D. Tex. 2000) (fact issue regarding validity of signature on arbitration agreement prevented determination as to whether there was valid agreement to arbitrate).

Defendant alternatively argues that, regardless of such dispute, Plaintiff's continuing employment with Performance constituted acceptance of the DRP as a matter of law. When considering whether a valid arbitration agreement exists between the parties, the court generally applies "ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). With respect to the enforcement of arbitration provisions against employees under Texas law, the Texas Supreme Court has stated:

> An employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employer establishes that the employee received notice of its arbitration policy and accepted it. Notice is effective if it unequivocally communicates to the employee definite changes in the employment terms. If the employee receives notice and continues working with the knowledge of the modified employment terms, the employee accepts them as a matter of law.

*In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006) (internal citations omitted).

Defendant contends Plaintiff himself admits he was informed of the DRP by Archer, and further told by Archer "that if I wanted to continue to be employed by Defendant I would have to sign some documents" including the DRP. (Plf. Resp. Ex. A ¶ 3). Defendant maintains Plaintiff's continued employment constituted acceptance as a matter of law.

In response, Lona points to his declaration in which he states

> Defendant did not explain to me that signing the DRP would result in . . . the loss of my right to a jury trial. Rather, Defendant simply verbally announced to me, and other employees on my rig who worked around me, to access a computer, scroll down the document, and electronically sign at the bottom.

(*Id*. ¶ 4). In his second declaration, Lona further states he "did not receive or read the arbitration policy," nor was he ever "presented with a copy of the DRP." (Plf. Surreply Ex. B ¶¶ 3, 9). In addition, according to Lona:

> I did not know that my continued employment with Defendant would constitute an acceptance of an arbitration policy. In fact, I logically assumed that because I was told I would not be able to work unless I did sign, yet contradictorily was always allowed to work although I refused, that Defendant was aware that I did not accept the terms of the DRP.

(*Id*. ¶ 4).

In short, Lona maintains he neither received the DRP nor was provided unequivocal notice of its terms. As noted above, the Texas Supreme Court requires both to treat the continued work of an employee thereafter to constitute acceptance of the changed employment terms. *See Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986) (to have knowledge of modification of employment terms, employee must know nature of changes and certainty of their imposition). Texas courts finding continued employment constituted acceptance have done so when presented with facts evidencing that the changed employment terms were clearly and specifically communicated to the employee. *See, e.g., In re Dillard*, 198 S.W.3d at 780 (acknowledgment of arbitration agreement form provided sufficient notice when "acknowledgment form briefly explained Dillard's arbitration policy, stated an effective date of August 1, 2000, and conspicuously warned

5

that employees were deemed to accept the policy by continuing their employment"); *In re Halliburton Co.*, 80 S.W.3d 566, 568 (Tex. 2002) (notice sufficient when it informed employee that binding arbitration was designated as the exclusive method for resolving all disputes, stated effective date, and informed employees they would accept arbitration provision by continuing work after specified date); *see also HSS Sys., L.L.C v. Lucan*, 2011 WL 2297716, at *4 (Tex. App.–Austin June 9, 2011, no pet.) (concluding employer's brochure did not convey sufficient notice of arbitration when it did not "clearly communicate the mandatory nature of the arbitration policy"). The evidence presented by the parties in this case falls short of that level. *See In re Dallas Peterbilt, Ltd.*, 196 S.W.3d 161, 162 (Tex. 2006) (when determining whether employee received notice of arbitration agreement, court is to consider all communications between employer and employee).

Thus, the Court finds that Plaintiff has presented sufficient evidence to establish a fact issue concerning whether he accepted the DRP, either by his actual signature or by his continued employment.

## **CONCLUSION**

The parties dispute whether or not Plaintiff accepted and agreed to the terms of the DRP, resulting in a genuine fact issue regarding the validity of the arbitration agreement between the parties. Such fact issue precludes this Court from determining as a matter of law whether the DRP is valid and enforceable.

As noted above, the FAA governs this matter. In pertinent part, the FAA provides "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. The FAA further provides that the parties have a right to a trial by jury of the issue. *Id*. *See also Prescott v. Northlake Christian Sch.*, 141 F. App'x 263, 268-69 (5th Cir. 2005) (FAA allows for jury trial to resolve fact issues surrounding "the making of an arbitration agreement" and applies in proceedings to compel arbitration).

Accordingly, the Court hereby sets and directs the parties, or counsel acting on their behalf, to participate in a status conference at **11:00 a.m. on Tuesday, September 15, 2015** in Courtroom Four, John H. Wood, Jr. United States Courthouse at 655 East Cesar E. Chavez Blvd., San Antonio, Texas 78206.

**SIGNED** on September 1, 2015.

*[signature]*

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE